The opinion of the court was pronounced by
Hutchinson, C. J.
If there were any validity in the objection to the deed from Ebenezer Fisk to Samuel Bishop, jun., it should not operate to exclude the deed irom the jury, unless to await some testimony, from which a valid consideration might be inferred; for this testimony, when adduced, must be weighed by the jury. And the case recites testimony from which the jury might well infer an abundant consideration. Some of this testimony applies, as well to the deed from Bishop to Stevens, as to that from Fisk to Bishop. It appears, that this deed from Fisk to Bishop bears date in the year 1763 ; and Bishop’s deed to Stevens, in the year 1770. Also, that Stevens always claimed a right to act, and was always permitted to act, in all proprietors’ meetings, as owner of this right of Ebenezer Fisk; and no other person for more than sixty years, has ever laid any claim to this right. Whatever claim the defendant has to any land in said town, is a claim to another right. It also appears, that Stevens has paid three taxes upon this right; one in 1802; one in 1806; *454 and one in 1810. Here was a total abandonment by Fisk, from the time he conveyed to Bishop; and a well known claim of Stevens sufficiently ancient to afford the presumption of a grant, or so many and such grants, as would vest the title in Stevens, and more so still, to afford the presumption of a valid and satisfactory consideration for Fisk’s deed of 1768, and the execution of the deed to Stevens of 1770. Moreover,the deed to Stevens has certified upon it a proof to its execution, before a justice of the peace, by the oath of one of the subscribing witnessess, in the year 1784 ; and another certificate of its being recorded afterwards in the same year. We know of no authority in a justice of the peace to take and certify such proof. Yet those certificates tend to show that the deed was then in existence. This was above forty five years ago. We consider both deeds correctly admitted ; and, there being no exception to the charge with regard to them, we must presume that the court gave the jury correct instructions upon the testimony in this behalf. We ought however to notice another point urged against the deed to Stevens, to wit, that it ought to have been acknowledged before it could be read. It has been often decided, that deeds executed before any statute, in force here, required acknowledgement, may be proved like any ■other writings, without acknowledgement. The statute attaches a benefit to acknowledgement and recording : and this benefit cannot be enjoyed, without a compliance with the statute. Yet a deed in existence, and good to vest an estate, before the statute, cannot be rendered void by the statute-; but the estate must be holden, and the deed proved, in the same manner as if the statute had never passed.
The testimony, offered by the defendant to show, that he owned a right of land in town, and of course was tenant in common with the plaintiff, was admitted without objection. This drove the plaintiff to prove a division of the land into severalty, and an allotment of the lot in question to this right of Fisk. The testimony, offered for this purpose, was objected to, but admitted. This testimony comes short of showing a division, legal in its origin. But we consider the testimony admissible to show a practical division. There was a proprietors’ meeting warned and hol-den ; but the advertisements, warning the same, were not published according to law. Yet the meeting was holden with.all the'proprietors'present, and a division upon paper agreed upon, and a plan made, presenting a view of all the lots in the thirteenth and fourteenth ranges, enough for one to each proprietor; and a *455 draft made : and this lot, no. 2 in the 13th range, was drawn to the right then owned by Stevens, the plaintiff’s intestate. The case states no actual survey of the land into lots ; but shows the data, by which any lot might be surveyed with accuracy. Here was a sufficient division in fact, to be rendered legally binding by acquiescence of the proprietors. The application for the statute of 1799, confirming these proceedings as a division, was at least the commencement ofan acquiescence. The statute was procured, declaring such confirmation ; and no further attempt is shown to make any other division of the lands, comprised' in those divisions named in the statute.
We need not decide upon the validity of this statute, to produce the effect contemplated by it. For, if it were not thus valid, all these proceedings, standing as above named, over fifteen years, indeed, about thirty years, establish the division too firmly to be now shaken.
The only remaining point regards the plaintiff’s right to recover, without proving the defendant in possession of the premises. The county court seem to have considered, that the defendant’s pleading the general issue, with no disclaimer, was admitting his possession. We think this not a correct view of the statute. The declaration, following our statute form, charges, that the plaintiff, at such a time, was seized of the premises, and that the defendant, without law or right, thereinto entered, and ejected, expelled and amoved the plaintiff therefrom, and hath ever since kept, and still keeps, the plaintiff from the premises, taking the' whole profits to himself. The defendant pleaded that he was not guilty, in manner and form as the plaintiff hath alleged. Now, according to every genera] rule of pleading, this plea puts the plaintiff upon the proof of his whole declaration. It seems a very direct denial of those things, charged as tortious acts in the defendant; the chief of. which are, his ejecting the plaintiff, and taking, and keeping, possession himself. We must now enquire, whether this natural effect of the plea is varied by the statute, relating to a disclaimer. This statute is’found on page 85th, section 89th. And it appears to contain one provision, favorable to the plaintiff*, and one, favorable to the defendant. The first is, that the plaintiff shall not have his writ abated, by omitting to sue all the tenants, who may be upon the land he discribes in his declaration. He owns a tract of land, of which several persons have wrongfully obtained possession. He brings his action against all he finds .there, or against all he recollects, when his writ is filled ; but *456 omits some who are not made defendants. This omission cannot abate his writ. But, if the statute stopped here, it would injustice to the other party, in many cases. The same statute, section 88th, provides, that the plaintiff, if he recovers, shall recover as well his damages as the seizin or possession of the premises. If, then, the plaintiff sues but half the persons, who are on the land he describes in his declaration, and those, sued, cannot abate the writ,and the plaintiff recovers,of the half,the damages done by all, it would be a hardship that would require relief. This was foreseen by the legislature, and they made provision, in the 89th section, that the defendant shall answer for such parts of the premises only as he shall distinguish by his plea, and disclaim the remainder. That is, he may disclaim all connection with that part of the land, possessed by others, and with which he has never intermeddled, and plead not guilty as to the rest. The trial will then proceed, as if none were described in the declaration, except that possessed by the defendant, and he is safe from any damages on account of the possessions of others. This provision is equally necessary, where all the persons on the premises are sued, but they do not possess jointly. Their possessions being several, it would be unjust to force upon them a joint liability for the whole possessions. Under this provision of the statute, each may disclaim that possessed by the other, and be liable only for the injury done by himself. But this 89th section is of no use, and has no application to any case, where one defendant only is sued, and his liability extends alike over all the premises described in the plaintiff’s declaration.
This statute has interposed a barrier against any injury to the plaintiff from a wrongful disclaimer. For, if plaintiff proves defendant to be in possession of all or a part of that which be disclaims, the issue,quoad hoc, must be found for the plaintiff But if the defendant disclaims the whole, he must recover his cost, unless the plaintiff can prove him in possession of the whole or a part. The necessary construction of this statute seems to be, that a disclaimer admits the plaintiff’s title to the part disclaimed, and puts the possession only in issue: but a general plea of not guilty puts in issue both title and possession. The Court are not satisfied, that they have the power to preclude the defendant from putting the whole declaration in issue by his general plea.
We suppose the practice to comport with our present views upon this point. Asa Porter brought an action for the whole town of Corinth, and sued a part only of the inhabitants. They plead *457 ed severally the general issue only. The circuit court held the plain tiff to proof of possession. Several recovered their cost through want of such proof. General Mattocks and myself were employed to defend a suit in the circuit court. We pleaded the general issue. The proof was, that the defendant took possession oí the lot sued for, in the fall, and began clearing, and building a house, but abandoned the premises before the action was brought. The court decided that this evidence did not support the action. Several cases have been so decided in the county courts, and not carried up. But one case has,been carried up which was decided in the year 1817. See Brayton's Rep. 70, Everts vs. Dunton et al. In this, there were five defendants, and they severally pleaded not guilty. The testimony showed but two in possession. The court charged, as in this case, that ii the jury found for the plain' tiff, they might find all the defendants guilty. The Supreme Court decided, in bank, that the plaintiff could recover against those defendants only, who were proved to be in possession, and a new trial was granted.
The result is, that, on account of the instructions to the jury, upon this point of possession, the judgement of the county court is reversed, and
A new trial granted.